1 | YURI MIKULKA (SBN 185926)
*ymikulka@ztllp.com*
2 | JEFFREY J. ZUBER (SBN 220830)
*jzuber@ztllp.com*
3 | BENJAMIN C. DEMING (SBN 233687)
*bdeming@ztllp.com*
4 | SARAH S. BROOKS (SBN 266292)
*sbrooks@ztllp.com*
5 | **ZUBER & TAILLIEU LLP**
10866 Wilshire Boulevard, Suite 300
6 | Los Angeles, California 90024
Telephone: (310) 807-9700
7 | Facsimile: (310) 807-9701

8 | Attorneys for Plaintiff U.S. Rubber Recycling, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. Rubber Recycling, Inc., a California corporation, | CASE NO. CV 09-9516 SJO (OPx) |
| Plaintiff, | Assigned to Judge S. James Otero |
| v. | **CORRECTED [PROPOSED] PROTECTIVE ORDER** |
| ECORE International Inc., a Pennsylvania corporation, and DOES 1-10, inclusive, | |
| Defendants. | |

1398-1002 / 144936.1

Pursuant to Federal Rule of Civil Procedure 26(c), the Court finds that there is a need to protect the parties from disclosure of trade secrets such as customer and distributor lists, and other confidential research, development, or commercial information such as documents relating to sales projections and marketing documents, that would not be made available to the parties in this action but for the special needs of this litigation.  Therefore, in order to expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, pursuant to the Court's authority and with the consent of the parties,

IT IS HEREBY ORDERED THAT:

**1.    DEFINITIONS**

(a)    "Party" means any of the parties to this action, including officers and directors of such parties.

(b)    "Counsel" means counsel of record for any Party,  and other lawyers at their firm, and those attorneys' staff, or outside vendors (such as copy services, trial graphics providers, and jury consultants) whose duties and responsibilities in the conduct of this action require access to Protected Material.

(c)    "Discovery Material" means:

(i)    any information, document, tangible thing, or response to discovery requests pursuant to Fed. R. Civ. P. 26, 31, 33, 34 or 36;

(ii)    any deposition testimony or transcript pursuant to Fed. R. Civ. P. 30 or 31;

(iii)    any document, thing, or premises made available for inspection or produced to the Receiving Party pursuant to Fed. R. Civ. P. 26, 33, or 34;

(iv)    any document, thing, or premises made available for inspection or produced to the Receiving Party in response to a subpoena pursuant to Fed. R. Civ. P. 45; and

(v)     any other document or information exchanged or disclosed formally or informally in this action.

(d)     "Producing Party" means a party to this action, including all directors, employees, and agents (other than Counsel) of the party, or any third party that produces or otherwise makes Discovery Material available to a Receiving Party.

(e)     "Receiving Party" means a party to this action, including all employees, agents, and directors (other than Counsel) of the party, that receives Discovery Material from a Producing Party.

(f)     "CONFIDENTIAL" means any Discovery Material that the Producing Party reasonably believes embodies:  (i) commercially sensitive, competitive, or other confidential business information; (ii) information invasive of an individual's legitimate privacy interests; (iii) other sensitive material that the Producing Party does not customarily disclose to the public and that has not been made public; or (iv) third-party documents or information that the third party currently maintains as CONFIDENTIAL and is seeking to maintain as CONFIDENTIAL for purposes of this action.

(g)     "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" means CONFIDENTIAL information that the Producing Party reasonably believes is so sensitive or confidential that in order to protect the reasonable interests of the Producing Party in maintaining the confidentiality of such information, the disclosure of such information must be limited to the persons to whom CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information may be disclosed pursuant to this Protective Order.  Such information may include, but is not limited to: (i) non-public sales, marketing, manufacturing, or customer-specific information (bids, pricing, costs, delivery, and/or scheduling), product development strategies or tactics, or strategy tactics being considered, discussed, or proposed; (ii) manufacturing or other costs of doing business; (iii) manufacturing processes, research and development documents; (iv) the numeric quantification of the

3

CORRECTED [PROPOSED] PROTECTIVE ORDER

1  Producing Party's sales, revenues, prices, expenses, profits, earnings, or market

2  shares; (v) product testing; (vi) current product or services strategies; (vii) future

3  product or services strategies; (viii) documents and/or oral testimony disclosing any

4  future, proposed, or hypothesized marketing, sales, product development, or

5  manufacturing tactic or strategy; (ix) pending patent applications or patent

6  disclosures for patents belonging to a Party; and (x) joint development agreements,

7  joint ventures, and strategic alliances.

8        (h)    "Protected Material" means any Discovery Material that is designated

9  as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

10  ONLY in accordance with paragraphs 2(a) and 2(b) below, and any copies,

11  abstracts, summaries, or information derived from such Discovery Material, and any

12  notes or other records embodying or disclosing the contents of such Discovery

13  Material.

14      **2.    DESIGNATION OF PROTECTED MATERIAL**

15      (a)    Any Discovery Material produced or given in this action that is

16  asserted by the Producing Party to contain or constitute CONFIDENTIAL

17  information shall be so designated by the Producing Party.  Each such Discovery

18  Material, including every page (where reasonable) of every document or transcript

19  and any electronic media containing CONFIDENTIAL information, shall be

20  marked on its face with the following legend:

21      **CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

22      If the Receiving Party intends to show non-CONFIDENTIAL portions of a

23  document, transcript, or electronic media containing CONFIDENTIAL information

24  to a person or Party not described below in paragraph 3(a), it shall first redact all

25  pages designated CONFIDENTIAL.

26      (b)    Any Discovery Material produced or given in this action that is

27  asserted by the Producing Party to contain or constitute CONFIDENTIAL –

28  OUTSIDE ATTORNEYS' EYES ONLY information shall be so designated by the

1 | Producing Party.  Each such Discovery Material, including every page (where

2 | reasonable) of every document or transcript and any electronic media containing

3 | CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, shall be

4 | marked on its face with the following legend:

**CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY**

**SUBJECT TO PROTECTIVE ORDER**

7 |      If the Receiving Party intends to show non-CONFIDENTIAL – OUTSIDE

8 | ATTORNEYS' EYES ONLY portions of a document, transcript, or electronic

9 | media containing CONFIDENTIAL – ATTORNEYS' EYES ONLY information to

10 | a person or Party not described below in paragraph 3(b), it shall first redact all

11 | pages designated CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

12 |      (c)    All deposition testimony taken in this action will be deemed

13 | CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY for a period of thirty

14 | (30) days from receipt of the final transcript.  Counsel for the Producing Party shall

15 | designate and mark which portions of the transcript should be designated

16 | CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, CONFIDENTIAL

17 | or non-CONFIDENTIAL by the end of the thirty (30) day period, subject to

18 | paragraph 6(f).

19 |      (d)    When a Party produces files and records for inspection, no marking

20 | need be made by the Producing Party in advance of the inspection.  For purposes of

21 | the initial inspection, all documents within the produced files shall be considered

22 | marked as CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY.

23 | Thereafter, upon selection of specified documents for copying by the inspecting

24 | Party, the Producing Party shall mark the copies of such documents, if necessary,

25 | with the appropriate confidentiality marking at the time that the copies are produced

26 | to the inspecting Party.

27 | / / /

28 | / / /

### 3. ACCESS TO PROTECTED MATERIAL

(a) Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL information produced in accordance with the provisions of paragraph 2(a) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party; (ii) the Receiving Party, if the Receiving Party is an individual, (iii) if the Receiving Party is not an individual, employees of the Receiving Party or those hired by Receiving Party whose review of such information the Receiving Party reasonably believes is required for the conduct of this action; (iv) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (v) the individual(s) who authored, prepared, or received the information; (vi) certified court reporters taking testimony involving such CONFIDENTIAL information; (vii) the Court (including any trier of fact) in connection with the proceedings in this action.

(b) Subject to paragraphs 3(d), 3(e) and 3(f), in the absence of an order of the Court, any CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information produced in accordance with the provisions of paragraph 2(b) above shall be used solely for purposes of the prosecution and defense of this action and shall not be disclosed to or discussed with any person other than: (i) Counsel for the Receiving Party; (ii) outside experts or consultants who are engaged for the purpose of this action by the Receiving Party and such experts' or consultants' staff, subject to paragraph 3(d); (iii) the individual(s) who authored, prepared, or received the information; (iv) certified court reporters taking testimony involving such CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information and their support personnel; and (v) the Court (including any trier of fact) in connection with the proceedings in this action.

1398-1002 / 144936.1

6

CORRECTED [PROPOSED] PROTECTIVE ORDER

(c)    Custody of Protected Material.  All documents containing information received from the producing party designated CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY and notes or other records regarding that information shall be maintained in the custody of Counsel for the Parties, and no partial or complete copies thereof containing Protected Material shall be retained by anyone else, except that outside experts and consultants may retain documents on a temporary basis for purposes of study, analysis, and preparation of the case.  A person with custody of Protected Material shall maintain it in a manner that limits access to persons authorized pursuant to paragraph 3(a) or 3(b) to have access to Protected Material.

(d)    Outside Experts and Consultants.  Subject to the provisions of this Protective Order, all Protected Material may be disclosed to any outside expert or consultant who has agreed to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.

(e)    Acknowledgment of Protective Order.  Before obtaining access to any Protected Material covered by this Protective Order, any person who is authorized to have access to Protected Material pursuant to paragraph 3(a)(ii), 3(a)(iii), 3(a)(iv), or 3(b)(ii) of this Protective Order must have agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.  All such signed Acknowledgment forms, except for those Acknowledgment forms signed by outside experts and consultants pursuant to paragraph 3(c), shall be given to the other Party at the final resolution of this matter. Acknowledgment forms signed by outside experts and consultants pursuant to paragraph 3(c) shall be kept by the Party in possession for the duration of this litigation and must be furnished in the event of a breach or challenge.

(f)    Disclosure Pursuant to Consent.  Protected Material also may be disclosed to anyone so authorized by prior written consent of the designating Party

or non-Party, and no Party is restricted in any way by this Protective Order in disclosing its own Protected Material.

(g)     Disclosure of Confidential Transcripts to the Deponent.  Deposition transcripts containing Protected Material may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he has agreed in writing to be bound by the terms of this Protective Order by signing an Acknowledgement form attached as Exhibit A.

(h)     If a document designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY refers to the conduct or affairs of a potential witness, the Parties' Counsel may discuss such conduct or affairs with the witness, but must do so without revealing that such document exists, its author, or its source, unless the witness is otherwise authorized under this Protective Order to have access to such document.

(i)     The limitations on disclosure contained in this Protective Order shall not apply to documents or information that (i) Receiving Party can prove were in the possession of the Receiving Party before disclosure by the Producing Party without a restriction from any Party to this action; or (ii) are or become published or available in a manner that is not in violation of this Protective Order.

## 4.     DISCLOSURE TO EXPERTS OR CONSULTANTS

In addition to the foregoing, at least five business days prior to making the first disclosure of Protected Material to any expert or consultant, the Party making such disclosure shall provide the Producing Party with a copy of the Acknowledgment form signed by the individual and provide written notice:

(a)     Disclosing the identity of the expert or consultant;

(b)     Identifying the present employer of the expert or consultant; and

(c)     Providing a resume or curriculum vitae, including the cases in which he or she has testified as an expert at trial or by deposition in the preceding four years.

1398-1002 / 144936.1

8

The disclosure of information regarding consultants or experts under this Order shall not constitute a waiver of attorney-work product or privilege, and shall not replace or modify the procedures provided under Fed. R. Civ. Proc. 26(a)(2) or this Court's Scheduling Order.  Additionally, the Parties stipulate that experts and consultants are not required to disclose or produce, and the Parties shall not conduct discovery concerning or seek to introduce evidence of drafts of expert declarations or reports.  The parties also stipulate that communications between experts or consultants and counsel are not discoverable except that the experts or consultants may be questioned about such communications during depositions or trial."

Any Party may object to a disclosure to an expert or consultant within five business days after receipt of the copy of the signed Acknowledgment form and written notice set forth herein, by stating specifically in writing the reasons why the Party believes such person should not receive the Protected Material.

In the event of an objection, no disclosure of Protected Material shall be made to the expert or consultant for a period of eight business days following the receipt of the objection.  The Party objecting to the disclosure to the expert or consultant and the Party wishing to disclose such Protected Material to the expert or consultant shall make good faith efforts to resolve the dispute within five business days following the receipt of the objection.  If no such resolution is obtainable, the objecting Party may move the Court, by motion, pursuant to Local Rule 37-1 of the U.S. District Court for the Central District of California, for an order that disclosure not be made to such expert or consultant or that the disclosure be made only upon certain conditions.  The moving Party shall have the burden of establishing that good cause exists for such an order, and shall seek to have the matter heard at the earliest possible date.  If the moving party's portion of a joint stipulation is not received within three business days following the parties' meet and confer, the Protected Material may be disclosed to such expert or consultant for the purposes of and upon the conditions herein stated.  If such a motion is made, there shall be no

1  disclosure to such expert or consultant until the Court has ruled upon the motion,

2  and then only in accordance with the ruling so made.

3      **5.**    **COURT PROCEDURES**

4      If a document containing CONFIDENTIAL or CONFIDENTIAL –

5  OUTSIDE ATTORNEYS' EYES ONLY information is filed with the Court, it shall

6  be filed under seal in compliance with Local Rule 79-5.1 of the U.S. District Court

7  for the Central District of California and Section V of General Order -07 of the

8  Central District of California (revised August 2, 2010).

9      Any papers containing Protected Material shall indicate clearly what portions

10  are designated as CONFIDENTIAL or CONFIDENTIAL – OUTSIDE

11  ATTORNEYS' EYES ONLY.  Upon request of the disclosing Party, the Court shall

12  return the originals of all CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS'

13  EYES ONLY documentation, provided that such request is made within thirty (30)

14  days of the final disposition of this case.

15      Nothing in this Protective Order shall be deemed to alter or otherwise amend

16  the Parties' obligation to follow the procedures set forth in Federal Rules of Civil

17  Procedure, the Local Rules of the U.S. District Court for the Central District of

18  California or any Order by this Court.  To the extent there is any conflict between

19  the obligations set forth in this Protective Order – which the parties do not believe is

20  the case – the Federal Rules of Civil Procedure, the Local Rules of the U.S. District

21  Court for the Central District of California and any Order by this Court shall

22  control.

23      **6.**    **HANDLING OF PROTECTED MATERIAL**

24      (a)    Nothing herein shall restrict a person authorized to have access

25  pursuant to paragraph 3(a) or 3(b) from making working copies, abstracts, digests,

26  and/or analyses of Protected Information for use in connection with this action.

27  Such working copies, abstracts, digests, and analyses shall be deemed to have the

28  same level of protection as the original Protected Material under the terms of this

1  Protective Order.  Further, nothing herein shall restrict an authorized recipient from

2  converting or translating such information into machine-readable form for

3  incorporation in a data retrieval system used in connection with this action,

4  provided that access to such information, in whatever form stored or reproduced,

5  shall be limited to authorized recipients.

6        (b)    If a Party through inadvertence produces any CONFIDENTIAL or

7  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY document or thing

8  without labeling, marking, or otherwise designating it as such in accordance with

9  the provisions of this Protective Order, the Producing Party may give written notice

10 to the Receiving Party that the document or thing produced is deemed

11 CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

12 and should be treated as such in accordance with the provisions of this Protective

13 Order.  The Receiving Party must treat such document or thing with the noticed

14 level of protection from the date such notice is received.  Promptly upon providing

15 such notice to the Receiving Party, the Producing Party shall provide the Receiving

16 Party with another copy of the document or thing that bears the new confidentiality

17 designation under this Protective Order, at which time the Receiving Party shall

18 either destroy or return the originally produced document or thing to the Producing

19 Party at the option of the Producing Party.  The Receiving Party's disclosure, prior

20 to the receipt of notice from the Producing Party of a new designation, to persons

21 not authorized by paragraph 3(a) or 3(b) to have access to such information

22 pursuant to the subsequent designation shall not be deemed a violation of this

23 Protective Order.  However, the Receiving Party shall make a good faith effort

24 promptly to retrieve such document or thing from such persons not authorized to

25 receive such information and to obtain agreement from the person to whom the

26 disclosure was made to be bound by this Protective Order.  The Receiving Party

27 shall timely notify the Producing Party of the disclosure and the identity of the

28 person or entity to whom the disclosure was made.

1398-1002 / 144936.1

CORRECTED [PROPOSED] PROTECTIVE ORDER

1    (c)    In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party

2  inadvertently produces a document that otherwise is not discoverable for reasons of

3  the attorney-client privilege or work product immunity or both, such inadvertent

4  production shall not constitute any waiver of attorney-client privilege or work

5  product immunity and all copies of such inadvertently produced documents shall

6  promptly be returned by the Receiving Party to the Producing Party upon demand.

7    (d)    A Party or present employee of a Party may be examined and may

8  testify concerning all CONFIDENTIAL and CONFIDENTIAL – OUTSIDE

9  ATTORNEYS' EYES ONLY information produced by that Party, provided that the

10  present employee of the Party is authorized by the Party to have access to the

11  CONFIDENTIAL and CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

12  ONLY information produced by that Party.

13    (e)    A former employee of a Party, a current or former consultant of a

14  Party, and non-Parties may be examined and may testify concerning any document

15  containing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS'

16  EYES ONLY information of a Producing Party that clearly appears on its face or

17  from other documents or testimony to have been prepared by, received by, known

18  by, or communicated to the employee, consultant or non-Party.

19    (f)    If no confidentiality designation of deposition testimony is made at the

20  time of the deposition, any transcript containing CONFIDENTIAL or

21  CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information shall be

22  designated as containing such information by no later than thirty (30) calendar days

23  after the date of such deposition.  Otherwise, such transcript shall not be deemed

24  Protected Material.

25    **7.    PROCEDURE TO CHALLENGE DESIGNATIONS**

26    This Protective Order shall not prevent any Party from moving the Court for

27  an order that information designated as CONFIDENTIAL or CONFIDENTIAL –

28  OUTSIDE ATTORNEYS' EYES ONLY by a Producing Party is not, in fact,

1398-1002 / 144936.1

12

1  CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY

2  information.  Prior to so moving, the Party seeking to reclassify the information

3  shall seek the Producing Party's agreement.  The Producing Party shall have ten

4  (10) business days to respond to such request.  In any motion, the Producing Party

5  shall have the burden of establishing before the Court the need for classification as

6  CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

7  ONLY.

8       No Party shall be obligated to challenge the appropriateness of any

9  confidentiality designation, or confidential information by another Party or person,

10  and the failure to do so shall not constitute a waiver or otherwise preclude a

11  challenge to the designation in another or subsequent matter or action.

12  **8.    NO PROBATIVE VALUE**

13       This Protective Order shall not abrogate or diminish any contractual,

14  statutory, or other legal obligation or right of any Party or person with respect to

15  any Protected Material.  The fact that information is marked with a confidentiality

16  designation under the Protective Order shall not be deemed to be determinative of

17  what a trier of fact may determine to be confidential or proprietary or a trade secret.

18  The fact that any information is disclosed, used, or produced in any court

19  proceeding in this action with a confidentiality designation shall not be offered in

20  any action or proceeding before any court, agency, or tribunal as evidence of or

21  concerning whether or not such information is admissible, confidential, or

22  proprietary.

23  **9.    RIGHT TO FURTHER RELIEF**

24       Nothing in this Protective Order shall abridge the right of any person to seek

25  judicial modification or amendment of this Protective Order.

26  / / /

27  / / /

28  / / /

1398-1002 / 144936.1

13

CORRECTED [PROPOSED] PROTECTIVE ORDER

## 10.   RIGHT TO ASSERT OTHER OBJECTIONS

This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, or other grounds for not producing Discovery Material.

## 11.   FINAL DISPOSITION

Within ninety (90) calendar days after final termination of this action, each Party shall assemble all documents and things furnished and designated by any other Party or non-Party as containing CONFIDENTIAL or CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY information, and all copies, summaries, and abstracts thereof, and shall either (a) return the documents and things to the Producing Party, or (b) destroy the documents and things; provided, however, that the attorneys of record for each Party shall be entitled to retain all pleadings, motion papers, legal memoranda, correspondence, work product, transcripts and exhibits thereto, and attorney-client communications that include or are derived from Protected Material.  If a Party elects to destroy the documents, a Certificate of Destruction shall be served on all attorneys of record within ninety (90) calendar days of final termination of this action.

## 12.   SURVIVAL OF OBLIGATIONS

The obligations created by this Protective Order shall survive the termination of this action unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this action, to enforce this Protective Order and to make such amendments and modifications to this Protective Order as may be appropriate.

/ / /

/ / /

/ / /

/ / /

/ / /

1398-1002 / 144936.1

14

CORRECTED [PROPOSED] PROTECTIVE ORDER

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

| | |
|---|---|
| 2  ZUBER & TAILLIEU LLP | OBLON, SPIVAK, MCCLELLAND, MAIER & NEUSTADT, L.L.P. |
| 3 | |
| 4 | |
| 5  By: /s/ *Yuri Mikulka* <br>           Yuri Mikulka | By: /s/ *Robert C. Nissen* <br>           Robert C. Nissen |
| 6  Yuri Mikulka (SBN 185926) | Robert C. Nissen, Esq. |
| 7  ymikulka@ztllp.com | William T. Enos, Esq. |
| 8  Jeffrey J. Zuber (SBN 220830) <br> jzuber@ztllp.com | Oblon, Spivak, McClelland, Maier & Neustadt, L.L.P. |
| 9  Benjamin C. Deming (SBN 233687) | 1940 Duke Street |
| 10  bdeming@ztllp.com <br> Sarah S. Brooks (SBN 266292) | Alexandria, VA  22314 <br> (703) 412-6267 phone |
| 11  sbrooks@ztllp.com | (703) 413-2220 fax |
| 12  ZUBER & TAILLIEU LLP <br> 10866 Wilshire Boulevard, Suite 300 | Jeffrey D. Wexler, (SBN 132256) |
| 13  Los Angeles, CA 90024 | LUCE, FORWARD, HAMILTON & |
| 14  Telephone:  (310) 807-9700 <br> Facsimile:    (310) 807-9701 | SCRIPPS LLP <br> 601 South Figueroa, Suite 3900 |
| 15 | Los Angeles, California 90017 |
| 16  Attorneys for Plaintiff U.S. Rubber Recycling, Inc. | Telephone: (213) 892-4992 <br> Facsimile: (213) 892.7731 |
| 17 | |
| 18 | Attorneys for Defendant <br> ECORE International, Inc. |
| 19 | |

20

21    IT IS SO ORDERED:

22

23

24    Date: ___9/17/___, 2010

                          The Honorable Oswald Parada
                          United States Magistrate Judge

25

26

27

28

CORRECTED [PROPOSED] PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**APPENDIX A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

*U.S. Rubber Recycling, Inc. v. ECORE International, Inc.*

U.S. District Court for the Central District of California, Los Angeles Division

Civil Action No. CV 09-9516 SJO (OPx)

I, _____, declare under penalty of perjury under the laws of the United States and the State of California that I have read and understand in its entirety the Protective Order in the above-referenced lawsuit, and agree to adhere and to be bound by its terms. I understand that any unauthorized disclosure of confidential information constitutes a violation of this Court's Protective Order, for which I may be held in contempt of court. I hereby submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcement of the Protective Order.

Date: _____          Name:_____

1398-1002 / 144936.1

16

CORRECTED [PROPOSED] PROTECTIVE ORDER