YURI MIKULKA (SBN 185926)
*ymikulka@ztllp.com*
BENJAMIN C. DEMING (SBN 233687)
*bdeming@ztllp.com*
SARAH S. BROOKS (SBN 266292)
*sbrooks@ztllp.com*
**ZUBER & TAILLIEU LLP**
777 S. Figueroa Street, 37th Floor
Los Angeles, California 90017
Telephone: (213) 596-5620
Facsimile: (213) 596-5621

Attorneys for Plaintiff U.S. Rubber Recycling, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. Rubber Recycling, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ECORE International Inc., a Pennsylvania corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. CV 09-9516 SJO (OPx)<br><br>**NOTICE OF REISSUE PATENT ISSUANCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION** |

U.S. Rubber Recycling, Inc. ("U.S. Rubber") hereby provides notice of issuance of ECORE International Inc.'s ("ECORE") reissue patent which was filed to broaden the claims of the patent-in-suit, U.S. Patent No. 6,920,723 (the '723 patent). and which was also the subject of the parties' briefings on ECORE's motion for reconsideration. (*See* Docket # 27 to 38).

ECORE asked this Court to reconsider its July 30, 2010 Order to the extent that it denied ECORE's motion to dismiss claims 1, 2 and 3 for lack of subject matter jurisdiction. ECORE's basis for reconsideration was that ECORE provided a covenant not to sue to U.S. Rubber on the '723 Patent. Yet, when U.S. Rubber pointed out that a covenant not to sue on the '723 Patent failed to provide adequate protection given ECORE's attempt to broaden the claims of the '723 Patent through a reissue patent, ECORE repeatedly assured this Court that it had no intent to sue U.S. Rubber, and that "ECORE currently has no patent it can enforce against USR" until the reissue patent is issued. (Docket # 38 at 2; Transcript for scheduling conference at 13).

The reissue patent has now issued. Yet, despite U.S. Rubber's request, ECORE has refused to grant a covenant not to sue on the reissue patent. To the contrary, ECORE is now attempting to mischaracterize the reissue patent to justify ECORE's improper enforcement of the fraudulently procured patent-in-suit in order to further monopolize the relevant market. On November 24, 2010, ECORE issued a press release stating that "ECORE filed its application seeking reissuance in July 2007 to broaden the claims of the original U.S. Patent 6,920,723 (the '723 patent)". (Exhibit A).[1] It then brazenly touted the patentability of the '723, contending that the reissue patent "confirms [ECORE's] position that ECORE has the exclusive right to market the QT family of recycled rubber underlayments."

---

[1] *See also* ECORE's December 1, 2010 press release. (Exhibit B).

1    ECORE also states that the '723 patent had been involved in extensive and
2  protracted litigation", and misleadingly states that "the PTO [the United States
3  Patent & Trademark Office] did not find the prior art invalidating and issued the
4  patent today." However, the issues of validity of the '723 Patent, enforceability of
5  the '723 Patent, and fraud on the PTO were not before the PTO. *See Rohm & Haas*
6  *v. Crystal Chemical Co.* 722 F. 2d 1556 (Fed. Cir. 1983).
7    Upon learning of the issuance of the reissue and the press release, U.S.
8  Rubber asked ECORE whether it would covenant not to sue U.S. Rubber on the
9  issued reissue patent. (Exhibit C). ECORE refused, stating unequivocally that it
10 would *not* provide a covenant not to sue on RE 41,945. (Exhibit D).
11    With the issuance of a reissue patent which broadens the claims of the '723
12 Patent, ECORE's refusal to provide a covenant on the reissue patent, and its public
13 proclamation that the '723 Patent was validated through the reissue, ECORE's
14 covenant not to sue to U.S. Rubber is now *meaningless*. Rather, ECORE actions
15 only confirms that its original covenant not to sue on the '723 Patent was a sham, as
16 U.S. Rubber predicted. (*See* Docket #37 at 2). Thus, ECORE has no basis for
17 arguing that the Court lacks subject matter jurisdiction under Claims 1, 2, or 3. For
18 this additional reason, this Court should deny ECORE's motion for reconsideration.
19 Dated: December 10, 2010                Respectfully submitted:

                                          **ZUBER & TAILLIEU LLP**
                                          YURI MIKULKA
                                          JEFFREY J. ZUBER
                                          BENJAMIN C. DEMING


                                          By: /s/ *Yuri Mikulka*
                                          Attorneys for Plaintiff U.S. Rubber
                                          Recycling, Inc.

# **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 777 S. Figueroa Street, 37th Floor, Los Angeles, California 90017.

On December 10, 2010, I served true copies of the following document(s) described as **NOTICE OF REISSUE PATENT ISSUANCE IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION** on the interested parties in this action as follows:

| | |
|---|---|
| Jeffrey D. Wexler<br>LUCE, FORWARD, HAMILTON<br>& SCRIPPS LLP<br>601 South Figueroa, Suite 3900<br>Los Angeles, CA 90017<br>Email: *jwexler@luce.com*<br>Attorneys for Defendant<br>ECORE International Inc. | Robert C. Nissen<br>William T. Enos<br>OBLON, SPIVAK, McCLELLAND,<br>MAIER & NEUSTADT, P.C.<br>1940 Duke Street<br>Alexandria, VA 22314<br>Email: *rnissen@oblon.com*<br>      *wenos@oblon.com*<br>Attorneys for Defendant<br>ECORE International Inc. |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I caused said document(s) to be served by means of this Court's electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, to the parties and/or counsel who are registered CM/ECF Users set forth in the service list obtained from this Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on December 10, 2010 at Los Angeles, California.

*Debbie Ellis*
Debbie Ellis